```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

MARK BLANKS,

    Plaintiff

v.                                   Civil Action No. 2:06-0967

GREYHOUND LINES, INC.,
its agents, employees and others,

    Defendant

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are (1) the motion to dismiss filed December 11, 2006, by defendant Greyhound Lines, Inc. ("Greyhound"), and (2) plaintiff Mark Blanks' motion for an extension of time to respond to Greyhound's motion to dismiss, filed January 9, 2007.

The court ORDERS that Blanks' motion for an extension of time be, and it hereby is, granted. It is further ORDERED that Blanks' January 15, 2007, response memorandum be, and it hereby is, deemed timely filed.

I.

Blanks is an African-American male residing in West Virginia. Greyhound is a Delaware corporation. Blanks has

availed himself of Greyhound's transportation services over the course of several years.  On March 3, 2005, Blanks traveled via Greyhound to Charleston from Atlanta, Georgia.  When Blanks attempted to purchase a ticket for his return trip, he alleges the Greyhound agent "harassed" him concerning the size of his suitcase and "other issues[.]"  (Am. Compl. ¶ 13).  He further contends the agent "defamed" him by referring to him as a "thug" in the presence of family members and others.  (<u>Id.</u>)  The same agent had harassed Blanks in the past.

Blanks left the terminal and phoned the Greyhound corporate office, which advised him to return to the terminal when the offending agent was off duty.  Blanks visited the terminal as advised by Greyhound and was issued a ticket without incident.  While waiting to board the bus, however, Blanks was confronted by the terminal manager and two uniformed law enforcement officers.  He was advised that he would not be permitted to board the bus.  Blanks was accused of previously threatening the aforementioned agent by telephone.  Blanks was then escorted from the terminal and forbidden from returning.

On October 6, 2006, Blanks instituted this action in the Circuit Court of Kanawha County.  He alleges claims for (1) intentional infliction of emotional distress, (2) breach of

2

contract, and (3) defamation.[1]

II.

A.   Governing Standard

A motion to dismiss pursuant to Rule 12(b)(6) should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief."  <u>Greenhouse v. MCG Capital Corp.</u>, 392 F.3d 650, 655 (4th Cir. 2004) (quoting <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993)).  Additionally, the "complaint [is viewed] in the light most favorable to the plaintiff and . . .

---

[1]Greyhound perceives Blanks to have also alleged a claim for tortious interference, although it concedes the amended pleading is "vague and ambiguous."  (Def.'s Memo. in Supp. at 2). Greyhound presumably discerns the claim based upon Blanks' allegation that it "tortuously [sic] interfered with . . . [Blanks'] right to have access to the Charleston . . . facilities/transportation."  (Am. Compl. ¶ 37).

To successfully allege a claim for tortious interference, the West Virginia Supreme Court of Appeals requires an intentional act of interference by a party outside the contractual relationship.  Inasmuch as Greyhound is a party to the alleged contract between it and Blanks, any tortious interference claim would, of necessity as a matter of law, fail. To the extent Blanks has attempted to plead such a claim, it is subject to peremptory dismissal.  The court, accordingly, ORDERS that, to the extent it is pled by Blanks, his tortious interference claim be, and it hereby is, dismissed.

. all well-pleaded allegations" are accepted as true. South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). Further, even beyond the facts alleged, the court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

A complaint need not "make a case" against a defendant or "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rather, it need only "allege facts sufficient to state elements" of the claim. Id.; Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (noting complaint must "allege facts sufficient to state all the elements of" a claim)).

As noted by the leading commentators on the Federal Rules of Civil Procedure, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the

4

substantive merits of the plaintiff's case." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004).

B.   Analysis

Greyhound contends Blanks' defamation claim is barred by the applicable statute of limitations.  A one-year limitation period governs defamation claims in West Virginia.  Wilt v. State Auto. Mut. Ins. Co., 203 W. Va. 165, 170, 506 S.E.2d 608, 613 (1998) ("Numerous torts such as libel, defamation, false arrest, false imprisonment, and malicious prosecution take the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c)."); Garrison v. Herbert J. Thomas Memorial Hosp. Ass'n, 190 W. Va. 214, 221, 438 S.E.2d 6, 13 (1993)("An action for defamation is subject to a one-year statute of limitations . . . ."); Padon v. Sears, Roebuck & Co., 186 W. Va. 102, 411 S.E.2d 245 (1991).  In Garrison, the supreme court of appeals provided guidance on the matter of accrual:

> We recognize[] . . . that "[i]n defamation actions, the period of the statute of limitations begins to run when the fact of the defamation becomes known, or reasonably should have been known, to the plaintiff."

Garrison, 190 W. Va. at 221, 438 S.E.2d at 13 (citations omitted).

Blanks knew, or reasonably should have known, no later than March 3, 2005, that he was defamed by the agent. He instituted this action more than one year later on October 6, 2006. Although Blanks appears to rely upon the continuing tort doctrine, an extraordinary theory infrequently employed to extend the limitations period, the doctrine is not applicable here:

> Under the continuing tort theory, when a tort involves a continuing or repeated injury, the cause of action accrues at the date of the last injury. This Court observed in Ricottilli v. Summersville Memorial Hospital, 188 W.Va. 674, 677, 425 S.E.2d 629, 632 (1992), that "the concept of a continuing tort requires a showing of repetitious, wrongful conduct." Moreover, we said in Ricottilli that "a wrongful act with consequential continuing damages is not a continuing tort." Id. (citing Spahr v. Preston County Bd. of Educ., 182 W.Va. 726, 729, 391 S.E.2d 739, 742 (1990)). In the instant proceeding, the continuing tort theory must fail. The single act of the alleged negligent hiring by M.A. & W. or the alleged negligent inspection by Mr. Dupuy clearly present purported consequential continuing damages. In this case there is no showing of repetitious wrongful conduct.

Casto v. Dupuy, 204 W. Va. 619, 623, 515 S.E.2d 364, 368 (1999). As in Casto, a single act by the agent resulted in the factual basis, if any, for Blanks' defamation claim. There is no showing of the type of repetition necessary to warrant application of the continuing tort doctrine.

Inasmuch as Blanks waited more than one year to institute his defamation claim, the cause of action is time barred. The court, accordingly, ORDERS that Greyhound's motion

6

to dismiss be, and it hereby is, granted as to Blanks' defamation claim and denied as to his claims for intentional infliction of emotional distress and breach of contract.[2]

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED:   February 28, 2007

_____
John T. Copenhaver, Jr.
United States District Judge

---

[2]Greyhound additionally contends the amended complaint is subject to dismissal in its entirety inasmuch as it is both vague and ambiguous.  As noted, the court construes the amended pleading to allege three claims, one of which having now been dismissed on limitations grounds.  Greyhound's argument is not meritorious.